0621

Pamela E. GARNETT, Respondent v. Doris L. WILCOX, d/b/a Dennis Wilcox & Sons, Inc. and Doris L. Wilcox Decorating Company & Sons, Inc., Appellants.

(339 S. E. (2d) 537)

*Edward K. Pritchard, Jr.,* Charleston, *for appellants.*

*William Howard,* of *Belk, Howard & Cobb,* Charleston, *for respondent.*

Submitted Nov. 12, 1985.

Decided Jan. 27, 1986.

SHAW, Judge:

Appellants Doris L. Wilcox, d/b/a Dennis Wilcox & Sons, Inc. and Doris L. Wilcox Decorating Company & Sons, Inc. appeal the master in equity's finding they breached a construction contract with respondent Pamela E. Garnett. The master awarded Garnett $13,800.00 in damages.

Pending the appeal, this court was notified Wilcox has filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Act, 11 U.S.C.A. §§ 1301-1330 (West 1979 & Supp. 1985) in the United States Bankruptcy Court for the Eastern District of Tennessee. Thus, any continuation of this action is automatically stayed under 11 U.S.C.A. § 362 (West 1979 & Supp. 1985).

It is therefore ordered that this case be remanded to the trial court with instructions to await final disposition by the United States Bankruptcy Court. The bankrupt shall notify the circuit court and Garnett in writing within ten days after judgment is entered in the bankuptcy proceeding.

Remanded.

BELL, J., concurs.

GOOLSBY, J., concurs in part and dissents in part.

GOOLSBY, Judge (concurring in part and dissenting in part):

I concur in the majority's view that this action must be stayed; however, I do not concur in the majority's decision to remand the case to the trial court.

I see no reason why we cannot simply continue the case on our own docket pending final disposition of the bankruptcy proceedings. Moreover, I do not think that an automatic stay mandated by 11 U.S.C.A. § 362 requires us, in effect, to dismiss Garnett's appeal. To this extent, then, I dissent.